CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
11/1/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**TRAVIS KEITH EDDY,**
   **Plaintiff,**

Civil Action No. 5:17-cv-00033

v.

**MEMORANDUM OPINION**

**DALE BLOSSER,**
   **Defendant.**

By:   Hon. Michael F. Urbanski
      Chief United States District Judge

Travis Keith Eddy commenced this civil action pursuant to 42 U.S.C. § 1983 pro se and while incarcerated. The court conditionally filed the complaint and, inter alia, warned that a failure to provide an accurate mailing address upon a release from incarceration will result in dismissal of the case. Upon his subsequent release from incarceration, the court ordered Eddy to pay the balance of the civil filing fee or to otherwise respond by September 11, 2017. The court mailed copies of the order to both known addresses of record, and both copies were returned as undeliverable.

On September 22, 2017, however, the court received Eddy's response in opposition to defendant's brief that had been filed four weeks earlier, and yet, the address handwritten on his response matches his address of record for which the postal service returns documents as undeliverable. In light of Eddy's failure to comply with the court's orders to maintain an accurate mailing address and to pay the filing fee, the court ordered Eddy to show cause within seven days why this case should not be dismissed without prejudice for failing to comply with the court's orders. This order, too, was returned as undeliverable.

To date, Eddy has not maintained an accurate mailing address, paid the balance of the filing fee, or otherwise responded to the orders about the filing fee or to show cause. Accordingly, Eddy has failed to comply with the court's orders, and the court dismisses the complaint without prejudice and denies all pending motions as moot. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and

respect for court orders and dismissal is an appropriate sanction for non-compliance); see also Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

  **ENTER**: This 1st day of ~~October,~~ November 2017.

          /s/ Michael F. Urbanski
          Chief United States District Judge